UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM DOUGLAS HAMPTON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:14CV1691 JCH |
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner William Douglas Hampton's motion for reconsideration of the Court's dismissal of this action, pursuant to Fed.R.Civ.P.41(b).

Petitioner filed his petition for writ of mandamus pursuant to 28 U.S.C. § 1651, in which he seeks to vacate his judgment and sentence in *United States v. Hampton*, 4:99CR456 JCH (E.D. Mo.). After reviewing the procedural history in this case, as well as petitioner's application for writ of mandamus, the Court will modify the dismissal to one under 28 U.S.C. § 2255(h), as petitioner's application for writ does not comply with the second or successive restrictions under 28 U.S.C. § 2255.

### Background

On March 13, 2000, petitioner pled guilty to four counts of production of child pornography, in violation of Title 18 U.S.C. §2251(a), and one count of possession of child pornography, in violation of Title 18 U.S.C. § 2252(a)(4)(B). *See United States v. Hampton*, 4:99CR456 JCH (E.D. Mo.). Petitioner was sentenced to a total of 293 months in prison, followed by 3 years supervised release, and a $500 fine. *Id.* Petitioner's conviction and sentence

were affirmed on appeal. *See United States v. Hampton*, 260 F.3d 832, 834 (8th Cir. 2001), *cert. denied*, 535 U.S. 1058 (2002).

Petitioner filed his first motion to vacate, pursuant to 28 U.S.C. § 2255 on June 2, 2003. In his motion to vacate, petitioner argued that federal jurisdiction over his case did not exist. He insisted that Congress had overstepped the limits of the Commerce Clause in criminalizing his interstate conduct. Petitioner had raised this issue on direct appeal as well, and the Eighth Circuit denied the claim as follows:

> Federal jurisdiction over Hampton's crimes derives from the portions of §§ 2251(a) and 2252(a)(4)(B) that criminalizes the production and possession of child pornography using materials transported in interstate commerce. Hampton concedes that the videotapes on which he recorded his actions were manufactured outside the state of Missouri. Thus, Hampton, in producing and possessing the tapes, committed federal crimes even though all of his actions took place within Missouri. He contends that, in criminalizing his interstate conduct, Congress overstepped the constitutional authority granted it by the interstate commerce clause, and that there is therefore no federal jurisdiction over his case. We disagree.
>
> Section 2251(a) states in relevant part:
>
> Any person who uses, persuades, induces, entices or coerces any minor to engage in…any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished…if the visual depiction was produced using materials that have been mailed, shipped or transported in interstate or foreign commerce by any means…
>
> Section 2252(a)(4)(B) criminalizes knowing possession of such material.
>
> Hampton acknowledges that we approved § 2252(a)(4)(b) as within Congress's commerce power in *United States v. Bausch*, 140 F.3d 739, 741 (8th Cir. 1998), but argues that Bausch is no longer good law in light of the Supreme Court's holdings in *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 626 (1995). Since those cases were decided, however, we have held that *Bausch* continues to control the constitutionality of federal criminalization of child pornography produced with materials that have traveled in interstate commerce and accordingly affirmed a conviction under § 2251(b). *United States v. Hoggard*, 254 F.3d 744, 746 (8th Cir. 2001) (upholding conviction for interstate conduct in permitting minor children to engage in sexually explicit conduct for

the purpose of producing a visual depiction where the film and camera used to create the depiction had been transported in interstate commerce). Accordingly, Hampton's constitutional attack on the statute fails.

*United States v. Hampton*, 260 F.3d at 834-35.

Based on the reasoning espoused in the Eighth Circuit's opinion of Hampton's direct appeal, this Court denied petitioner's § 2255 motion. *See, e.g., United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001), *cert. denied*, 534 U.S. 1083 (2002) (holding that an issue resolved on direct appeal cannot be relitigated in a § 2255 motion. Consequently, petitioner's motion to vacate was denied on August 10, 2004. Petitioner appealed, and the Eighth Circuit denied petitioner's application for certificate of appealability. *Hampton v. United States*, No. 05-3542 (8th Cir. 2005).

On October 1, 2014, petitioner filed a petition for writ of mandamus, pursuant to 28 U.S.C. § 1651, in this Court. The Court ordered petitioner to pay the full $400 filing fee or submit a motion to proceed in forma pauperis, along with a certified copy of his prison account statement, but he failed to do so in a timely manner. As such, on November 14, 2014, the Court dismissed petitioner's application for writ of mandamus pursuant to Federal Rule of Civil Procedure 41(b).

After dismissal of the action, on November 17, 2014, petitioner filed a motion to proceed in forma pauperis, along with a copy of his prison account statement. The Court denied his motion to proceed in forma pauperis as moot, given the fact that dismissal of the action had already occurred. On November 24, 2014, petitioner filed the instant motion for reconsideration and/or petition to resubmit.

## Discussion

In his petition before this Court, petitioner once again attempts to attack his conviction in this Court. He asserts in his four-hundred and fifty page filing that this Court lacked jurisdiction over him at the time of the sentencing.

An application by a prisoner that asserts a federal basis for relief from a state or federal court's judgment of conviction under § 2244(b) or § 2255(h) must comply with the second or successive restrictions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). Thus, a petitioner is not permitted to circumvent the AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is. *See id.* at 531. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004).

Because the substance of the instant petition concerns the validity of Hampton's criminal conviction, it must comply with the AEDPA's second or successive requirements. It does not.

Furthermore, the claims in the instant petition are duplicative of petitioner's prior claims brought before this Court in petitioner's motion to vacate, brought pursuant to 28 U.S.C. § 2255. For all of the aforementioned reasons, the petition for writ of mandamus shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration of the dismissal of this action is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Court will modify the Order of Dismissal in this action to reflect that petitioner's application for writ of mandamus is subject to dismissal as a **SECOND or SUCCESSIVE** application for relief under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that this Court declines to award petitioner a certificate of appealability.

Dated this 11th day of December, 2014.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE